# South & North Alabama Railroad Co. v. Small.

## *Appeal from Judgment of Justice of the Peace.*

1. *Amendment of complaint, in statement of plaintiff's name.*—On appeal or *certiorari* from a judgment rendered by a justice of the peace, though there can not be an entire change of parties, a mistake in the plaintiff's christian name, though no objection was made to it in the justice's court, may be corrected in the complaint filed in the Circuit Court; and if only the initials of his christian name, or an abbreviation of that name, was used in the justice's court, the full name may be used in the complaint filed on the appeal.

2. *General charge on evidence; when properly refused.*—In an action against a railroad corporation, to recover damages for domestic animals killed by its trains, although there is no direct evidence of the killing, the jury must pass on the sufficiency of the circumstantial evidence adduced, and a general charge on the evidence, against the plaintiff's right to recover, is properly refused.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. LEROY F. BOX.

This action was brought to recover damages for a sow and three pigs, alleged to have been killed by the defendant's trains through the negligence of its servants; and was commenced before a justice of the peace. The complaint filed in the justice's court, or statement of the cause of action, was in the name of *Jas. M. Small*, and was signed *J. M. Small*. Judgment by default was rendered by the justice, for the amount claimed, with costs; and the case was removed by the defendant, by appeal, into the Circuit Court, where a complaint was filed in the name of *John M. Small* as plaintiff. The defendant objected to the filing of the complaint, and moved to strike it from the files; which objection and motion being overruled, the defendant excepted. The defendant then pleaded not guilty, and that the claim was not presented in writing within sixty days, as required by the statute; and issue was joined on both of these pleas. "On the trial," as the bill of exceptions states, "the plaintiff introduced evidence tending to show that the stock killed was his property, and was of the value of twenty dollars; that the three pigs were found dead on the railroad, at or near a road-crossing, one afternoon in September, 1880, shortly after a work-train had passed, and the sow was found near the same place next morning, torn all to pieces; that the sow was not killed on the afternoon the pigs were, but was

killed that night. Plaintiff's wife testified that she believed, from the appearance of the sow and pigs, they were killed by passing trains, though she did not see the killing. The plaintiff testified, in his own behalf, that he presented his claim for the stock so killed, to the depot-agent at Hanceville, within sixty days after the killing, and which claim was sent to J. F. Whitfield, the claim-agent of said railroad company. There was no other evidence in the case, nor any evidence, other than as above set out, that the stock was killed on the railroad, or by the trains or servants of the defendant. On this evidence, the defendant requested the court, in writing, to charge the jury, that they must find for the defendant, if they believed the evidence; which charge the court refused, and the defendant excepted." These two rulings of the court are now assigned as error.

GEO. H. PARKER, and HAMILL & DICKINSON, for appellant, cited *Shannon v. Jackson*, 47 Ala. 329; *Davis Avenue Railroad v. Mallon*, 57 Ala. 168; *Bell's Adm'r v. Troy*, 35 Ala. 184; *Sheppard v. Furniss*, 19 Ala. 760; 1 Brick. Digest, 335, § 3.

BRICKELL, C. J.—It is certainly true, that on appeal or *certiorari* from the judgment of a justice of the peace, in the appellate court, there can not be an entire change of parties. They must remain as they were in the inferior court, unless there be a necessity for a revivor, or a case is made in which, under the statute of amendments, parties may be stricken out, or added.—1 Brick. Dig. 113, § 68. If the proceedings before the justice are, without objection, conducted in the name of a party suing, or being sued, by the initials, or by an abbreviation of the christian name, or by the wrong christian name, the true name may be introduced into the complaint filed in the appellate court. This is not a change of parties, but the mere correction of a defect in the proceedings before the justice. The defect is also of that character which the statute requires should be disregarded, commanding that the trial shall be *de novo.—Couch v. Atkinson*, 32 Ala. 633.

There was evidence having a tendency to show that the hogs were killed by the train of appellant. The sufficiency of the evidence was for the jury; and of their province, the charge requested was a clear invasion. The court could not, without error, have given it.

Affirmed.