# Central of Georgia Railway Co. v. Wood.

*Action against Railroad Company to recover Damages for alleged Negligent Killing of Stock.*

1. *Liability of railroad company for negligence of other railroad company using its track.*—A railroad company, allowing another railroad company to use its track, is liable for negligence of the latter railroad company while using said track.

2. *Same; sufficiency of complaint.*—In an action against a railroad company to recover damages for the alleged negligent killing of a cow, a count of the complaint which alleges that the defendant "allowed and permitted the Southern Railway Company to use its tracks * * * jointly with said defendant," and that "said Southern Railway Company while using the track of said defendant as aforesaid, negligently and carelessly ran one of its cars and engines on and upon a cow, the property of the plaintiff, wherefore he sues," sufficiently states a cause of action against the defendant company.

3. *Action against railroad company for killing stock; sufficiency of evidence of ownership.*—In an action against a railroad company for the alleged negligent killing of stock, the property of the plaintiff, where it is shown that the track on which the stock was killed was used indiscriminately by the defendant's trains and those operated by another railroad company, the fact that the defendant company alone

kept in repair such track and used it, is *prima facie* evidence of its ownership, and in the absence of any evidence to the contrary is sufficient to establish its ownership, so far as relates to its liability for the negligent act charged.

4. *Same; sufficiency of evidence.*—In an action against a railroad company to recover damages for the alleged negligent killing of stock, where it is shown that the place where the stock was killed was at or near a public crossing, and at a curve crossed by a public road, where the engineer could not see a quarter of a mile ahead, the burden of proof is upon the railroad company to show that the engineer blew the whistle or rang the bell at least one-fourth of a mile before reaching said public crossing, or that he approached said crossing at a rate of speed which would enable him to have prevented the accident (Code, §§ 3440, 3443), and in the absence of such proof, the plaintiff would be entitled to recover.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee against the appellant to recover the value of a cow, alleged to have been negligently killed by defendant or by some one for whose acts it was responsible. The complaint, as amended, contained three counts. The first count, without preliminary averments, claimed of the defendant $35 for the unlawful killing of a cow in the town of Woodlawn. The second, after alleging that defendant was a corporation operating a railroad in Jefferson county, avers that "it allowed and permitted the Southern Railway to use its tracks in and near the town of Woodlawn, jointly with said defendant," and then alleges that the Southern Railway negligently ran one of its engines upon plaintiff's cow. The third, after alleging that defendant was a corporation doing business in Alabama as a railroad company, avers that "said defendant negligently and carelessly ran one of its trains on or upon a cow, the property of plaintiff, to his damage as aforesaid."

The defendant demurred to the first count of the complaint upon the ground that it is not alleged or shown in what manner the defendant violated any duty owing by it to the plaitniff; and that the facts alleged in the

complaint did not state a cause of action against the defendant.

To the second count the defendant demurred upon the following grounds: "A. That it appears from the averments of said count that the negligence complained of was not the negligence of this defendant or of its agents or servants. B. That the fact that this defendant permitted the Southern Railway Company to use its tracks, did not render this defendant liable for the negligent or careless acts of said Southern Railway Company. C. It is not shown how or in what manner this defendant neglected or violated any duty owing by it to the plaintiff. D. The facts alleged, if true, do not make a good cause of action against this defendant. E. No facts are alleged from which the liability of this defendant for the negligent acts of the Southern Railway Company arise or can be inferred." Each of these demurrers was overruled. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and after hearing all the evidence, the court rendered judgment for the plaintiff, assessing his damages at $35. The defendant appeals, and assigns as error the overruling of the demurrers to the complaint, and the rendering of judgment in favor of the plaintiff.

JOHN LONDON, for appellant.—The court erred in overruling the demurrers to the second count of the complaint.—*Caruthers v. R. F. Co.*, 59 Kan. 629; 44 L. R. A. 737; *Miller v. R. R. Co.*, 125 N. Y. 118; 19 Am. & Eng. Ency. Law (1st ed.), 931 and notes.

The complainant was not entitled to recover.—*N. &c. R. R. Co. v. Hembree*, 85 Ala. 481; *Ensley R. R. Co. v. Chewning*, 93 Ala. 22; 16 Am. & Eng. Ency. Law (2d ed.), 472; 2 Sher. & Redf. on Negligence, § 419; 2 Wood's Railway Law, 1548, * 417; *Kirk v. N. & W. R. R. Co.*, 32 L. R. A. 416.

THOMPSON & THOMPSON and DANIEL A. GREENE; *contra.*—One railway permitting another to use its tracks is liable for any negligence of the licensee, transferee or

lessee.—*H. A. & B. R. R. v. South*, 112 Ala. 642; *Rickets v. Birmingham Street Railway Co.*, 85 Ala. 604; *G. P. R. R. v. Underwood*, 90 Ala. 49; *Montgomery G. S. Co. v. M. & E. Ry. Co.*, 86 Ala. 382.

HARALSON, J.—1. If the demurrer to the 1st count of the amended complaint, were of any merit, which it is unnecessary to decide, its overruling was not hurtful, since the proceedings show that the trial was had without any reference to it, but wholly on the 2d count. The demurrer to this last count, as appears, was very properly overruled. It does not sufficiently allege that the cow was killed or injured, but no ground raises this defect.

2. The evidence of the plaintiff was that he owned the cow, and her value; that she was struck by defendant's engine about 100 feet from the west end of a fill or embankment, and about 200 or 300 feet from its east end; that there was a public road crossing about 100 yards from the west of the embankment; that there were two tracks on the embankment, used indiscriminately by the defendant company and the Southern Railway Company; that all trains going east used the north, and all going west used the south track, and that many trains passed over these tracks daily in going and coming.

The witness for defendant, Adams, testified, that he was defendant's section foreman, and had charge of the north track on said embankment, and kept the same in order; that the north track was kept in order by the defendant, and the south track by the Southern Railway Company; that going along the track, on the morning of the 30th August, 1898, he saw a cow lying dead at the foot of the embankment, and saw marks showing that she had rolled from its top; that the cow was hit by a train going east on the north track; that at that point there was a curve of about 5 degrees, and going east, an engineer could see the track opposite where the cow was lying, about 100 yards before reaching her. He also testified, that the public road crossed the track on this curve. There was no evidence as to

how the animal got on the track, nor as to her proximity to the engine when she did so. Neither was it shown whether defendant's train or one of the Southern Railway Co. killed her.

3. The fact that the defendant company alone, kept in repair the north track, and used it, is *prima facie* evidence of its ownership, and, in the absence of any evidence to the contrary, is sufficient to establish its ownership, as for the negligent act charged against it.

4. The evidence showed without conflict, as has been seen from the testimony of the witnesses, that the place where the cow was killed was at or near a public road crossing, and on a curve crossed by a public road, where the engineer could not see a fourth of a mile ahead. He did not, so far as it appears, blow the whistle or ring the bell at least a fourth of a mile before reaching said public road crossing, and continue to do so until he had passed the crossing, nor did he immediately before entering the curve, crossed by the public road, where he could not see a fourth of a mile ahead of him, approach and pass such crossing, at such speed as to prevent the killing of the cow,—all as provided shall be done by section 3440 of the Code. By section 3443, the burden of proof was on the railroad company to show a compliance with the requirements of said section, 3440, and it is liable for all damages done to persons or stock or other property resulting from a failure to comply with such requirements,—a burden it did not pretend to discharge.—*Ala. G. S. R. Co. v. Boyd*, 124 Ala. 525; *Central of Ga. R'y Co. v. Stark*, 125 Ala. 365.

The court did not err in rendering judgment in favor of plaintiff.

Affirmed.