# Illinois Central Railroad Co. v. Bottoms.

*Damages for Injury to Animal.*

(Decided April 13, 1911. 55 South. 260.)

1. *Railroad; Injury to animals; Pleading; Evidence.*—A complaint alleging that defendant negligently ran or operated the train and killed plaintiff's mule, does not imply intentional causation or wilful wrong doing, and such count may be supported by any negligence attributable to the defendant in proximate causation of the injury.

2. *Same; Burden of Proof.*—In an action against a railroad company for killing or injuring stock there must be proof that the injury

[Illinois Central Railroad Co. v. Bottoms.]

was inflicted by the railroad before a prima facie case is made or before the burden is shifted to the defendant by the statute. (Sec. 5476, Code 1907.)

3. *Corporations; Torts; Liability for Acts of Servant.*—A corporation is liable for the act of its servants in the line of their employment. In this case, proof of the negligence of the servant would support the allegations of the complaint, and it was not necessary that evidence should be produced showing an actual participation by the corporation itself.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by T. H. Bottoms against the Illinois Central Railroad Company for damages for killing a mule. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The amended count is as follows: "The plaintiff claims of the defendant the sum of $200, for that the defendant had control of and operated a railroad and train of engines and cars thereon at or near Vina, Ala., in Franklin county, and on, to wit, in February, 1908, the defendant negligently run or operated one of its said trains against a mule belonging to plaintiff, and as a result thereof said mule was killed."

The oral charge of the court, objected to, is as follows: "When the plaintiff offered evidence that the defendant was operating the trains on that road at the time, and that the mule was found dead by the side of the embankment, or close to the track, and that the track was straight for a considerable distance each way, and that the animal, or that the mule, was the property of the plaintiff, and its value, that made out a prima facie case. Now, gentlemen, as I said awhile ago, when the plaintiff offered evidence that this track was straight there, and that a mule could be seen for 300 or 400 yards or more from where the mule was found, and that the track was straight, and that an engineer could have seen the mule for 300 or 400 yards each way, and that

a train such as was being run on that track at that time could have been stopped in less than that distance, and that the animal was found there by it dead, that makes out a prima facie case."

W. H. KEY, for appellant. The injury occurred before the Code of 1907 went into effect, and hence, the burden of proof and measure of defendant's duty is governed by the Code of 1896.—Sec. 3440, Code 1896. It, therefore, follows that the court erred in its oral charge to the jury.—*So. Ry. v. Smith,* 50 So. 390; *A. G. S. v. Franklin,* 151 Ala. 376; *L. & N. v. C M. B. Co.,* 150 Ala. 390; *Western v. McPherson,* 146 Ala. 428. The court should have given charges 2 and 3 requested by the defendant.—*City D. Co. v. Henry,* 139 Ala. 161; *C. of Ga. v. Freeman,* 140 Ala. 581.

CHENAULT & CHENAULT, for appellee. The court did not err in the oral charge.—*L. & N. R. R. Co. v. Solomon,* 127 Ala. 189. Nor did the court err in giving the charges requested by the plaintiff or refusing those requested by the defendant.—*K. C. M. & B. v. Sanders,* 98 Ala. 307; *K. C. M. & B. v. Phillips,* 98 Ala. 159.

WALKER, P. J.—Under the first count of the amended complaint, upon which alone the case went to the jury, the plaintiff did not assume the burden of proving actual participation by the defendant corporation itself in killing plaintiff's mule. The averment is that the defendant negligently ran or operated the train. Such an averment does not imply intentional causation, and may be supported by proof of negligence which is attributable to the defendant.—*City Delivery Co. v. Henry,* 139 Ala. 161, 166, 34 South. 389.

An averment of negligence on the part of a defendant corporation may be supported by proof of negli-

gence of its servant in the line of his employment.—
*Kansas City, Memphis & Birmingham R. R. Co. v. Sanders,* 98 Ala. 293, 13 South. 57; *Kansas City, M. & B. R. R. Co. v. Phillips,* 98 Ala. 159, 167, 13 South. 65.
The defendant was not entitled to the affirmative charge requested by it, because of the absence of evidence that the defendant corporation itself actually participated in the killing of the animal.

The evidence as to how the mule came to its death was wholly circumstantial; yet some of the evidence on the subject afforded ground for an inference by the jury that the mule was injured by the train, and that its death resulted from the injury. But the evidence on this issue was in conflict. There was evidence which would have warranted a different inference. The question was one for the jury.

Proof that the injury was inflicted by the defendant was an essential part of plaintiff's case. Proof to that effect must be forthcoming, before properly it could be said that there was evidence making out a prima facie case, or before the burden of proof provided for by the statute (Code 1907, §5476) was cast on the defendant.
—*Western Ry. of Ala. v. McPherson,* 146 Ala. 427, 40 South. 934; *Ala. Great Southern Railroad Co. v. Boyd,* 124 Ala. 525, 27 South. 408. Under the part of the trial court's oral charge to which an exception was reserved, the jury would have been warranted in finding that the plaintiff had made out his case, without any proof at all that the injury was inflicted by the defendant. This consideration, without looking further, discloses material error in that instruction.

Reversed and remanded.