# Birmingham Railway, Light & Power Co. *v.* Williams.

## *Injury to Property.*

(Decided May 20, 1915. Rehearing denied July 2, 1915. 69 South. 586.)

1. *Street· Railways; Injury to Property; Connecting Lines; Evidence.*—Where the action was against two .street railways, separate corporate entities, but having a physical connection between their lines, for injuries to plaintiff by a collision with his wagon, questions seeking to elicit whether cars of one of the companies were operated on the track of the other company, and as to whether the conductors and motormen on the one line did not, on their run, go from one line to the other, were proper to enable the jury to ascertain which of the two defendants should respond for the acts of the servant in charge of the car causing the injury.

2. *Parties; Amendment; New Parties.*—Where the action was by one injured in a street car collision operated by a company which had a physical connection with another separate street car company, the allowance of an amendment to the complaint by adding such other separate company as defendant was proper where no injury resulted therefrom, and no surprise was caused thereby.

3. *Charge of Court; Construing Together; Oral Charge.*—Instructions must be construed together, and error cannot be predicated upon tendencies of portions or excerpts of the oral charge of the court,

where such defects are cured when the charge is considered as a whole, or where it is made to appear that the complaining party could have counteracted any of its misleading tendencies by requested instructions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by L. D. Williams against the Birmingham Railway, Light & Power Company, and another, for damages for injuries suffered in a collision. Judgment for plaintiff against the Birmingham Railway, Light & Power Company, and it appeals. Affirmed.

Transferred from Court of Appeals under act creating said court.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant.

ERLE PETTUS, for appellee.

MAYFIELD, J.—The action is to recover damages for personal injuries received on account of a collision between an electric street car and a wagon in which plaintiff was riding. The two vehicles were, just a moment before the accident, traveling in the same general direction and along the same street, and at the moment of the accident the wagon was attempting to cross the car track. The street for wagon traffic, and the car line, were on the same grade; only the rails were above the surface of the bed of the street.

(1) The action was originally brought against the Birmingham Railway, Light & Power Company alone, but the complaint was amended by adding the Edgewood Electric Railway Company as a defendant. It seems that the two corporations were separate entities, but had a physical connection between the two lines, and that the latter corporation's tracks and lines thus

formed a physical extension of one of the former company's lines. There was a joint traffic arrangement between the two companies, and they had in part the same stockholders, the same officers, and the same traffic manager, and the employees, such as conductors, were assigned by the officers from one company or line to another, as the necessity arose, but each, in part at least, had separate conductors and motormen. All, however, were paid at the same office, that of the former company, and by the same timekeepers, bookkeepers, treasurers, etc., and the conductors and motormen wore different uniforms when working for either company. The accident happened on the track of the latter company.

The defendant Birmingham Railway, Light & Power Company objected to many questions propounded to witnesses, seeking to elicit evidence as to whether cars of that company were operated on the lines or tracks of the other company, and as to whether the conductors and motormen of the one line did not, on their runs, go from one line to the other, and also excepted to each ruling allowing such questions to be answered. There was no error in any of these rulings. Such evidence was clearly competent and proper, owing to circumstances of this case, to enable the jury to ascertain which of the two companies should respond for the acts of the servants or agents in charge of the particular car on the occasion in question, as well as to show or tend to show that the relations, connections, and arrangements between the two companies were such as to make each responsible to strangers or the public for the wrongs of both in connection with their joint arrangement, if the jury should find that such an arrangement existed.—See *Central of Georgia Railway Co. v. Wood,* 129 Ala. 483, 29 South. 775. All those questions inquiring whether cars of one company were operated on the lines of the other, and

whether the same servants and agents operated cars on both lines, and whether the servants and agents of each were paid at the same office and by the same officers, and were hired and discharged by the same officers, were therefore competent and legal.

(2) There was no error in allowing the amendment to the complaint by adding a new defendant. It does not appear that any injury resulted therefrom, or that any surprise or delay was caused thereby, sufficient to constitute reversible error. We do not think, under the facts as shown by this record, that there was an abuse of the discretion of the trial court in this respect.

(3) There was a great number of exceptions reserved to various portions of excerpts of the oral charge of the court. Some of these excerpts, standing alone, would probably be erroneous, or would possess such necessary tendencies to mislead as would constitute them error; but when the charge is considered as a whole, either the defects are cured, or it is made to appear that the appellant should have counteracted any possible misleading tendencies by requested charges.

There was no error in refusing any of the defendant's requested charges. The liability of either or both of the defendants, under the issues and the evidence as shown by the record, was a question for the jury, under proper instructions from the court.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.