## Southern Railway Co. v. Blankenship.

### *Killing Stock.*

(Decided November 4, 1915.  70 South. 132.)

1. *Railroads; Killing Stock; Burden of Proof.*—Where plaintiff's animal was killed either by the train of defendant railroad company or by the train of another company which used the track under contract, a charge that under section 5476, Code 1907, the burden of proof was on defendant to show that the animal was killed without negligence on the part of defendant's employees, was not rendered bad in view of the further charge that such instruction applied only if the jury should find that the animal was killed by defendant's train.

2. *Same.*—The ownership and maintenance of the railroad track and right of way by defendant was prima facie evidence of defendant's ownership and operation of trains using the track, making a proper case for the application of the rule as to burden of proof, under section 5476 of the Code of 1907.

[Southern Railway Co. v. Blankenship.]

CERTIORARI to Court of Appeals.

Action by A. L. Blankenship against the Southern Railway Company. Judgment for plaintiff, and on ap-peal to the Court of Appeals the judgment was affirmed, and defendant brings certiorari to review such judgment. Writ denied.

See 14 Ala. App., 69 South. 591.

STOKELY, SCRIVNER & DOMINICK, for petitioner.

JEROME T. FULLER, for appellee.

SAYRE, J.—(1) Blankenship's cow was killed by a train operated over defendant's [petitioner's] railroad. Defendant, while continuing to operate its own trains over the road, had given the Louisville & Nashville Railroad Company the privilege of operating a limited number of trains over that part of it which included the place where plaintiff's cow was killed. Nobody knew whether the cow had been killed by one of defendant's trains or by one of those operated by the Louisville & Nashville Company, nor were any circumstances, apart from the mere ownership of the track, given in evidence to shed -light upon that point.

Petitioner complains that by instructions to the jury in the trial court section 5476 of the Code, which puts on defendants in actions like this the burden of showing that there was no negligence on the part of the defendant or its agents when stock is killed or injured by its loco-motives or cars, was erroneously applied in view of the facts stated. But it is seen upon an examination of the charges given at plaintiff's request that they operated to put upon defendant the burden of proving that there was no negligence in case only the jury should find that one of defendant's trains had killed the cow. This was in unquestionable accord with the statute, and was right.

[Southern Railway Co. v. Blankenship.]

(2) The real question in the case was raised by the courts refusal to give the general charge upon the evidence as requested by defendant. The effect of the ruling in *Central of Ga. Rwy. Co. v. Wood,* 129 Ala. 483, 29 South. 775, just such a case as this, was that the ownership and maintenance of a railroad track and right of way was prima facie evidence of the ownership and operation of trains passing over it. The proof here of defendant's ownership and maintenance of the road was undisputed, and thus was made a proper case and occasion for the application of the statutory rule as to the burden of proof. The rule made effective in the case to which we have referred rests upon the ground of a just and conservative public policy, for otherwise persons ignorant of the relations between parties owning and operating railroads under these circumstances, and without the means of knowing whether their property has been destroyed by the trains of one or the other, might be at a loss to determine against which to bring their actions, and thereby placed at a serious disadvantage in seeking redress for their wrongs; while, on the other hand, there is nothing hard or anomalous in holding the defendant in such case to a knowledge and proof of its own operations and their immediate consequences. This rule has been frequently applied by the courts in analogous cases.— *Chicago & Grand Trunk Rwy. Co. v. Hart,* 209 Ill. 414, 70 N. E. 654, 66 L. R. A. 75; *Great Western Rwy. Co. v. Bacon,* 30 Ill. 347, 83 Am. ec. 199.

We find no reason for disturbing the decision of the Court of Appeals.

Certiorari denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.