(75 South. 22)

## LOUISVILLE & N. R. CO. v. HAYWARD.
### (6 Div. 528.)

(Supreme Court of Alabama.    April 5, 1917.)

1. RAILROADS ⊂⊃446(3) — KILLING STOCK — QUESTION FOR JURY.

In an action against a railroad for killing a cow, where there was evidence to afford ground for the inference that plaintiff's cow, found buried along defendant's right of way, was killed by one of defendant's engines or trains, yet there was other evidence warranting a different view of the question, whether defendant killed plaintiff's cow was for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1629.]

2. EVIDENCE ⊂⊃471(19) — OPINION — MATTER OF APPEARANCE.

In such action, there was no error in allowing a witness to testify whether he "saw anything else had been buried on the right of way," and what kind of a looking place it was, particularly where the actual conditions as to the burying of animals on the right of way were described by witnesses.

3. RAILROADS ⊂⊃443(2) — KILLING STOCK — CIRCUMSTANTIAL EVIDENCE.

The death or injury of an animal caused by a railroad train may be shown by circumstantial evidence, as any other evidential fact may be shown.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1608½.]

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action by Will Hayward against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Huey & Welch, of Bessemer, and Tillman, Bradley & Morrow, of Birmingham, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

THOMAS, J. This is an action for damages. The cause was submitted to the jury on one count. The demurrers to the count were properly overruled. Plaintiff's (appellee's) evidence tended to show that his cow had been missing for about a week. Its range was from plaintiff's home to a point across defendant's tracks. Plaintiff, being informed that something had been recently buried on defendant's right of way near the point where said cow, with other cows of the neighborhood, was accustomed to go, dug into the "grave" on the right of way (which was about eight or ten feet from defendant's railroad track), and discovered the carcasses of two cows, one being that of plaintiff's. The evidence tended further to show that plaintiff's cow was discovered shortly after another cow (one belonging to Dr. Wood) was killed at or about the same place. Dr. Wood's animal was described as being "a red cow," and defendant's cow as being "red or brown in color." There was evidence that at the point where the cows were buried there

was, on the railroad track, hair "just the color of Will Hayward's [plaintiff's] cow." Defendant's evidence was to the effect that none of the cows so buried at the point in question on its right of way was that of the plaintiff, and that defendant knew nothing of having killed plaintiff's cow.

[1] There was ample evidence to afford ground for the inference by the jury that the animal in question was killed by one of defendant's engines or trains, yet there was other evidence which would warrant a different view, hence a question for the jury was presented. Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601; Tobler v. Pioneer, etc., Co., 166 Ala. 517, 52 South. 86; Illinois Central R. Co. v. Bottoms, 1 Ala. App. 302, 55 South. 260.

[2] There was no error in allowing witness, Dr. Wood, to testify whether he "saw anything else had been buried on the right of way," or "what kind of a looking place" it was. In Southern Railway Co. v. Proctor, 3 Ala. App. 413, 419, 57 South. 513, 515, Judge Walker correctly observed that:

"Under a recognized modification of the general rule against admitting in evidence the opinions of ordinary witnesses, their conclusions as to the appearance of persons, animals, or things may be proved as being in their nature not mere opinions, but descriptive of facts. The law recognizes that ordinary witnesses as to such matters are not to be expected to be endowed with such powers of graphic description as to be able so to portray to the jury the subject of inquiry as to enable them to reach a conclusion as to its condition without the aid of the impression made upon or the conclusion reached by the witness who saw it." Jones on Ev. § 360; Smith v. State, 137 Ala. 22, 34 South. 396; B. R. L. & P. Co. v. Franscomb, 124 Ala. 621, 27 South. 508; S. & N. A. R. Co. v. McLendon, 63 Ala. 266; Watkins v. State, 89 Ala. 82, 8 South. 134.

In McLendon's Case, supra, the witness was permitted to testify that the plaintiff "looked bad," "looked like the bone had slipped," "was disabled by the fall," etc. A witness was allowed to testify that the defendant did not appear to be drunk, and that he was transacting business (Sharp v. State, 193 Ala. 22, 69 South. 122); that the report of a firearm sounded like a rifle (Fowler's Case, 8 Ala. App. 168, 63 South. 40); that a depression in the earth looked like a man's shoulder had struck the ground (Watkins v. State, supra; that tracks looked like those of a person "running," and of a person "walking" (Smith's Case, 137 Ala. 22, 34 South. 396; Ragland v. State, 178 Ala. 59, 59 South. 637); that it looked as if a scuffle had taken place (Roberts' Case, 122 Ala. 47, 25 South. 238; Wright v. State [App.] 72 South. 564.[1]; that it "looked like it (the deceased child) had been struck with a hot iron and looked scarred" (Perry v. State, 87 Ala. 30, 6 South. 425); that witness saw bruises (Fowler v. State, 155 Ala. 21, 45 South. 913);

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 15 Ala. App. 91.

that the person seemed to be very weak (Franscomb's Case, 124 Ala. 621, 27 South. 508); that vines growing over and alongside the fence were mashed down "like something went over the fence" (Pope v. State, 174 Ala. 63, 75, 57 South. 245). Moreover, the actual conditions as to the burying of animals on the right of way were described by witnesses. Sloss-Sheffield Steel Co. v. Mitchell, 181 Ala: 576, 586, 61 South. 934.

[3] The death or injury of an animal caused by a railroad train may be shown by circumstantial evidence, as any other evidential fact may be shown. S. & N. A. R. R. Co. v. Small, 70. Ala. 499; L. & N. A. R. R. Co. v. Oden, 80 Ala. 38, 44; Illinois Central Ry. Co. v. Bottoms, 1 Ala. App. 302, 55 South. 260; O'Rear v. Manchester Lumber Co., 6 Ala. App. 461, 60 South. 462. Though there was no direct evidence of the killing of the plaintiff's animal, it was within the province of the jury to pass on the circumstantial evidence adduced; and the general charge on the evidence against the plaintiff's right to recover was properly refused.

The issues presented by the pleading and the proof were properly defined to the jury in the court's oral charge and in the defendant's given charges. There was no error in overruling the motion for a new trial.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.