(91 South. 323)

**HINES, Director General of Railroads (Central of Georgia), v. HAMMOND.**
(4 Div. 657.)

(Court of Appeals of Alabama. June 7, 1921. Rehearing Denied June 21, 1921.)

1. **Appeal and error** ⟨key⟩1012(1)—**Findings of trial court not disturbed unless against preponderance of evidence.**

Where a case was tried by the court without a jury, on oral testimony, the findings of the court will not be disturbed on appeal, unless against the preponderance of evidence, or unless the judgment of the trial court was wholly without evidence to support it.

2. **Railroads** ⟨key⟩443(1)—**Evidence held to authorize recovery for killing hog.**

In an action against a railroad for killing a hog, evidence held sufficient to authorize a judgment for plaintiff.

3. **Appeal and error** ⟨key⟩1039(13)—**Variance between averments and proof causing no injury not ground for reversal.**

A variance between the proof and averments in a complaint is not ground for reversal, where appellant was not injured thereby.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by G. A. Hammond against Walker D. Hines, as Director General of Railroads, operating the Central of Georgia Railroad Company, for damages for injury to a hog. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied 207 Ala. 711, 91 South. 922.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Reid & Doster, of Dothan, for appellant.

The cause should be reversed because it appears that the accident did not happen in the month alleged. 158 Ala. 622, 48 South. 377; 125 Ala. 544, 27 South. 922. There is total absence of evidence of negligence on the part of the defendant or its servant. 84 South. 556.

E. H. Hill, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Upon the trial of this cause, which was had before the court without a jury, the plaintiff adduced evidence showing that his Poland China sow was found in a badly injured condition (from which she died), in close proximity to the railroad track of defendant. There was evidence that both thighs of the sow were broken, and that the pelvis or the hip bone was also broken, and that she "was down in the loins."

The court rendered judgment for plaintiff, from which the defendants appeal.

[1] The general and well-known rule is that where a case is tried by the court, without a jury, on oral testimony, the findings of the court will not be disturbed on appeal, unless against the decided preponderance of the evidence, or unless it appears that the judgment of the lower court was wholly without evidence to support it. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker Corp. of America, 196 Ala. 422, 72 South. 54.

[2] It is very plain from this record that this court cannot affirm that the conclusion of the trial judge was at all opposed to the great weight of the evidence. To the contrary, we are of the opinion that there was ample evidence to authorize the conclusion reached. Southern Ry. v. Blankenship, 14 Ala. App. 261, 69 South. 591; Southern Ry. v. Blankenship, 194 Ala. 368, 70 South. 132; Southern Ry. v. Hudson, 16 Ala. App. 271, 77 South. 421.

[3] The insistence that there was a fatal variance between the proof and the averments in the complaint is without merit, it being evident that no injury resulted to defendant in this connection.

No error appearing, the judgment of the lower court is affirmed.

Affirmed.