237 So.2d 112

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, a Corporation**

v.

**T. H. COX.**

**8 Div. 26.**

Court of Civil Appeals of Alabama.

June 24, 1970.

Weeks & Weeks, Scottsboro, for appellant.

H. T. Foster, Scottsboro, for appellee.

THAGARD, Presiding Judge.

Appellee, T. H. Cox, filed his suit in the Jackson County Court of Jackson County, Alabama, on April 14, 1965, against the appellant, Louisville and Nashville Railroad Company, Inc., a corporation, claiming damages in the amount of $600.00 for the death of a bull alleged to have been killed by appellant's train while being operated in Jackson County, Alabama.

There are double railroad tracks extending from Stevenson, Alabama, east toward Bridgeport, Alabama, in Jackson County, and on beyond. Both the Louisville and Nashville Railroad Co. and the Southern Railway Co. operated their trains upon and over these tracks.

On or about June 25, 1964, a bull was found injured and dying on the right side of the railroad tracks. This animal was claimed by the plaintiff, T. H. Cox.

The case was tried on November 17, 1969, and the jury returned a verdict in favor of the plaintiff-appellee for the sum of $350.00. The appellant filed its motion for a new trial and the same was overruled. It is from this ruling and the court's refusal to give the general affirmative charge with hypothesis requested by defendant that the appellant appeals.

The testimony produced during the trial of the case disclosed that no one saw the animal upon the railroad tracks or the right-of-way thereof. No one saw a train strike the animal and no one knows when it was injured and it was not shown whose train injured it.

The plaintiff testified that on June 25, 1964, he had a bull and some other cattle which were located in a pasture on the north side of the L & N Railroad in Jackson County, Alabama. He said that he found the bull dead, lying beside the tracks and that there was blood on the tracks and down the embankment. Mr. Cox further testified that the weeds and Johnson grass along the embankment or right-of-way are eight to ten feet high and the bull was approximately five feet in height. Mr. Cox also stated that both the L & N and Southern Railway companies operated upon and over the same tracks.

Title 48, § 173, Code of Alabama 1940 (Recompiled 1958), states:

"A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."

In Illinois Central Railroad Co. v. Bottoms, 1 Ala.App. 302, 305, 55 So. 260, the court stated the following:

"Proof that the injury was inflicted by the defendant was an essential part of plaintiff's case. Proof to that effect must be forthcoming, before properly it could be said that there was evidence making out a prima facie case, or before the burden of proof * * * was cast on the defendant * * *"

Also, the Supreme Court of Alabama, in Louisville & Nashville Railroad Company v. Lewis, 44 Ala.App. 360, 362, 208 So.2d 911, 912, said:

"Thus, if the plaintiff makes out a prima facie case, either positively or circumstantially, that the cows were killed by appellant's train, then the burden of proof shifts to the appellant to show that there was a compliance with the statutory provisions and that there was no negligence on the part of appellant or appellant's agents. (Citations omitted.)"

In the case at bar, the plaintiff-appellee, in order to present a prima facie case, either had to show that the appellant-defendant's train struck his bull or that the appellant owned and maintained the railroad track and right-of-way.

The court, in Southern Railway Co. v. Blankenship, 194 Ala. 368, 370, 70 So. 132, said:

"The effect of the ruling in Central of Ga. Rwy. Co. v. Wood, 129 Ala. 483, 29

So. 775, just such a case as this, was that the ownership and maintenance of a railroad track and right of way was prima facie evidence of the ownership and operation of trains passing over it. The proof here of defendant's ownership and maintenance of the road was undisputed, and thus was made a proper case and occasion for the application of the statutory rule as to the burden of proof * * *."

There is no question in the present case but that the plaintiff's bull was struck by a train. The blood on the railroad tracks, cow tracks leading to the railroad tracks and the fact that the bull was found beside the railroad tracks in a small ditch, sufficiently establish the fact that a train hit the bull.

The question that is presented in this case is whose train struck the bull owned by the plaintiff-appellee. On cross-examination the appellee testified as follows:

"Q You don't know what train killed your animal, do you?

"A No sir.

"Q And you don't know of anybody who does, do you?

"A No sir.

"Q And the claim that you spoke about was filed on information you put down for Mr. Purdy, wasn't it?

"A Yes sir.

"Q What you told him?

"A Yes sir.

"Q And so you don't know what train at that time killed your animal?

"A None only just what he told me.

"Q And the Southern Railway Company operates over and upon these same tracks, don't they?

"A Yes sir.

"Q Were you present when this carcass was moved?

"A No sir.

"Q You don't know who moved it, do you?

"A No sir.

"Q All the information that went into the claim you filed was information you had given to Mr. Purdy?

"A Yes sir."

On direct examination, Mr. Parker, an engineer on appellant's train which had traveled along the route on which appellee's bull was killed on the day in question, testified as follows:

"Q Was it daylight or dark?

"A It had to be daylight at that time of morning in that month.

"Q Was your train equipped with headlights?

"A Yes sir.

"Q How many?

"A Two.

"Q Explain to the Jury the type of headlights you had on the train?

"A Had one stationary headlight and an oscillating headlight that is continuously turning.

"Q With the aid of these lights, how far down the track could you see in front of you?

"A I could see all the way to the curve in the track beyond where this animal was killed with or without the lights. We were required to burn the lights in the daytime.

"MR. FOSTER: We object to what they are required to do.

"COURT: Yes sir.

"Q What?

"A   We burned the headlights all the time we were moving.

"Q   Were you able to see the tracks and right of way as you proceeded toward Bridgeport?

"A   Yes sir.

"Q   Did you observe a black cow on the right of way as you moved from Stevenson to Bridgeport?

"A   No sir.

"Q   Did you observe, on that occasion, a bull upon the tracks or the right of way when you left Stevenson and were on your way to Bridgeport?

"A   No sir.

"Q   At any point between those two cities?

"A   No sir.

"Q   Did you observe any animal at all between those two points?

"A   No sir.

"Q   Mr. Parker, had your train hit an animal weighing approximately fourteen hundred to fifteen hundred lbs., would you have felt the impact of that?

"MR. FOSTER: We object to that.

"COURT: Sustained.

"Q   Would you know whether or not you hit an animal weighing that much?

"A   Yes sir.

"MR. FOSTER: We object to it and we move to exclude his answer.

"COURT: Overrule that.

"MR. FOSTER: We except.

"Q   Did you feel any impact on your train from any source at all when you moved from Stevenson to Bridgeport on this occasion?

"A   No sir."

There was no evidence that any other L & N train used the track that day, and no evidence that the train of which Mr. Parker was engineer was the only train traveling the tracks that day, and the evidence is silent as to how many, if any, Southern Railway trains used the track that day.

The most that can be said about the plaintiff's evidence is that it made a prima facie case that a train of one of the two railroad companies using the tracks killed the bull. There was insufficient evidence produced during the trial to show that the defendant company owned the railroad tracks and maintained the right-of-way thereof.

Therefore, we conclude that the trial court erred in refusing to give the general affirmative charge with hypothesis requested by the defendant.

For the error indicated, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.