[L. & N. R. R. Co. v. Quinn, C.]

# L. & N. R. R. Co., *v*, Quinn, C.

*Action for Damages for Failure to Carry Passenger to Destination.*

(Decided Dec. 21, 1905. 39 So. Rep. 756.)

1. *Carriers; Passengers; Breach of Contract; Evidence.*—Evidence that the engine went to a water tank near station to which plaintiff's ticket entitled plaintiff to go, is not admissible as showing whether or not it was dangerous for the train to go to such station, the plaintiff having the right to transportation irrespective of where the engine went.

2. *Witness; Cross Examination; Immaterial Matters; Impeachment.* If one party draws from his witness irrelevant matter, the other party is entitled to cross examine the witness as to such irrelevant matter. but no question as to such immaterial matter can be asked as a predicate to impeach a witness.

3. *Carriers; Passenger; Breach of Contract; Variance.*—Where the wrong complained of was causing plaintiff to get off the train before reaching the station called for by his ticket, and the proof showed that he was wrongfully put off, before reaching such station, this was not a fatal variance, the plaintiff being entitled to nominal damages, at least.

APPEAL from Bibb Circuit Court.

Heard before HON. B. M. MILLER.

Action by Clyde Quinn, by next friend, against appellant for damages for being put off the train, on which he was a passenger before reaching the station of his destination. The evidence tended to show that the plaintiff together with his mother purchased a ticket from Blocton to Brookwood and was on defendant's train as a passenger to be transported to that station. That when the train reached Alabama Junction, about a mile from point of destination, the conductor came through and told Mrs. Quinn that the train had to go to Searles on a branch line, and that with the switching and all he had to do, they would be about three hours in reaching her point of destination, and that it was dangerous for her to proceed with the train, and requested her to get off and

walk to her point of destination about one mile away, and that he would bring her baggage when the train came. Plaintiff alighted and walked to the point of destination. The day was cold and rainy and plaintiff contracted a cold, etc. The defendant brought out the fact that the engine went from Alabama Junction in the direction of Brookwood out of sight of the junction. Plaintiff proposed to ask the witness if he did not go on the engine himself to Brookwood and the court permitted it over the objection of defendant. The plaintiff then proposed to ask witness if he did not testify on a previous trial that he went on the engine from Alabama Junction to Brookwood. This the court permitted over the defendant's objection, on the ground that it tended to show that it was not dangerous to make the trip on the engine. The other assignments of error relate to the refusal of the court to give the defendant the general affirmative charge.

ELLISON & COLLIER, for appellants.—The court erred in its admission of testimony especially in allowing the witness to be impeached on immaterial matters.—*Greil v. Solomon*, 82 Ala. 851. The admission of illegal evidence raises a presumption of injury to reversal, unless the remaining evidence is without conflict and is sufficient to support the judgment.—*First National Bank v. Chaffin*, 118 Ala. 246; *Lalande v. Brown*, 121 Ala. 513; *Miller v. Mayor*, 124 Ala. 434.

J. M. McMASTER and LOGAN and VANDEGRAAFF, for appellee.—Counsel discuss assignments of errer but cite no authority.

SIMPSON, J.—This is an action for damages, brought by the appellee, by next friend, against the appellant; the plaintiff being an infant of tender years traveling with his mother, who had a ticket from Blockton to Brookwood. The damages are claimed as the result of the mother, with the child, being compelled to leave the

train at Alabama Junction before reaching Brookwood.

Taking up the assignments of error as noticed in the brief of appellant, the testimony going to show that the engine went to a water tank near Brookwood was illegal. If the plaintiff was a passenger entitled to be carried to Brookwood, it was a right, irrespective of where the engine went after the plaintiff got off the train, and the going of the train near Brookwood would not even show whether or not it was dangerous for the train to go to Brookwood, if that was material; the fact above referred to being wholly immaterial to any issue in the case. But the defendant introduced this subject by permitting its witness to testify that the engine went out of sight in that direction, thus opening the way for the plaintiff to cross-examine and rebut on the subject.

Referring to the twentieth and twenty-third assignments of error, while it is true that the allegata and probata must correspond, yet in this case the wrong complained of was causing the plaintiff to get off the train, and, if it was proved that plaintiff was a passenger entitled to be carried to Brookwood, and was wrongfully put off at Alabama Junction, he was entitled to nominal damages.

The seventh assignment of error is sustained. While this court has held that, if the party brings out irrelevant testimony, the opposite party may cross-examine the witness as to such irrelevant matter, yet, even though the witness may have testified to the immaterial matter in his examination in chief, no question can be asked in regard to the immaterial matter for the purpose of laying a predicate to impeach him.—*Blakey's Heirs v. Blakey's Ex'x*, 33 Ala. 611, 619; 2 Wigmore on Evidence, p. 1169, § 1007.

From what has been said, it is evident that there was no error in the refusal to give the general charge.

The judgment of the court is reversed, and the cause remanded.

TYSON, ANDERSON, and DENSON, JJ., concur.