# Kelly *v*. Louisville & Nashville R. R. Co.

*Action for Damages for Injury to Employe.*

(Decided July 6th, 1906.   41 So. Rep. 870.)

1. *Witness; Impeachment; Collateral and Irrelevant Matters.*—A
witness may not be cross examined as to any fact collateral
and irrelevant to the issue, merely for the purpose of con-
tradicting the witness, nor can his answer to a question colla-
eral and irrelevant to the issue be conclusive against him.
(Evidence objected to in this case examined and held to be
within above rule.)
2. *Trial; Instructions Misleading.*—The giving of an instruction
otherwise good, but merely misleading, will not serve to re-
verse a cause.

APPEAL from Jefferson Circuit Court.

Heard before HON. A. A. COLEMAN.

Action by Michael Kelly against the Louisville &
Nashville Railroad Company.   Judgment for defend-
ant.   Plaintiff appeals.   Reversed and remanded.

This was an action for damages for personal injury,
brought under the employer's liability act.   The com-
plaint contained seven counts, to which a great many
demurrers were interposed and overruled.   It is not
necessary to here set them out.   The defendant filed
pleas of the general issue, contributory negligence, and
special plea 3 setting up a written release, signed by
plaintiff, acknowledging receipt of $300 in full satisfac-
tion and compromise of the claim against the railroad

company from any and all liability on account of said injury. Plaintiff filed replication to this plea, setting up the fact that at the time he signed the release he had no knowledge of the fact of signing the same, or of having received any money from defendant; that he was unconscious of the act committed by him, and incompetent to determine by reason of intoxication.

The court, at the request of the defendant, gave the following charge: "Under the pleading in this case, if you are reasonably satisfied from the evidence in the case that the plaintiff compromised and settled his claim for damages, as alleged in the third plea of defendant, you will find a verdict in favor of the defendant, although you may also believe from the evidence that the plaintiff was hurt by reason of the negligence of defendant, as alleged in plaintiff's complaint."

DENSON & DENSON, for appellant.—The complaint was sufficient against the demurrers assigned.—*M. & O. R. R. Co. v. George*, 94 Ala. 215; *A. G. S. R. R. Co. v. Davis*, 119 Ala. 575; *L. & N. R. R. Co. v. Orr*, 94 Ala. 604. Plaintiff's replication to defendant's 3rd plea was not subject to the demurrer interposed.—*Railroad Co. v. Taylor*, 126 Ind. 130; *Jones v. R. R. Co.*, 16 So. Rep. 382; 39 Cent. Dig. cols. 955, 2228-29. The court erred in respect of its ruling on the evidence of the witness Vigo. It was collateral and irrelevant to the issue.—*B. & L. I. Co. v. DuBose*, 125 Ala. 448; *Ortez v. Jewett*, 23 Ala. 662; *Bivens v. Brown*, 37 Ala. 422.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee.— The affirmative charge should have been given for the defendant, and all other errors are without injury.— *Tuck v. L. & N. R. R. Co.*, 98 Ala. 150.

TYSON, J.—The main contested issue of fact, as shown by the record, was whether the plaintiff executed and obligated himself by the release invoked as a defense in defendant's third special plea. The execution of the release was not denied, but the testimony in plaintiff's behalf tended to support the allegations of his special replication that he was in such a state of intox-

ication at the time of its signing and delivery as to render him unconscious of his act on that occasion.

Practically only one ruling of the trial court is presented for review on the admission of evidence. It is this: The defendant was permitted, against plaintiff's objection, for the purpose of impeachment, to show that plaintiff's witness Jack Crawford had stated to Miss Vigo that on Friday, after the, supposed execution of the release on the Monday preceding, plaintiff had left home for the purpose of seeing his doctor and settling his case; and asked her if the case had been settled. Crawford on direct examination testified that plaintiff had been a heavy drinker for 18 years; that he saw him early Monday morning, October 5, 1903, the day the release bears date, before witness left the house to go to work; that he appeared to be drinking heavily; saw him take several drinks. On cross-examination, without objection, the witness was asked whether on Friday following Monday, October 5, 1903, and on the occasion of his visit to the office of W. I. Grubb, he had not stated to Miss Vigo that plaintiff had left home in the morning of October 5, 1903, for the purpose of going to see the doctor and settling his case, and whether he did not then ask Miss Vigo if plaintiff had settled his case. This question was answered by the witness in the negative. It was for the purpose of contradicting his testimony that Miss Vigo was allowed to testify as first above stated. "It is a well-settled rule that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue merely for the purpose of contradicting him. And if a question which is collateral or irrelevant to the issue is put to a witness, his answer cannot be contradicted by the party who asked the question, but is conclusive against him."— *Blakey's Heirs v. Blakey's Ex'x*, 33 Ala. 619; *L. & N. R. R. Co. v. Quinn*, 146 Ala. 330, 39 South. 756. It will be observed that Crawford had not testified as to the plaintiff's purpose when he left home on that morning, or that plaintiff left home on that morning at all, or as to his mental condition, etc. Clearly his declarations to Miss Vigo were "res inter alios acta" as to the plaintiff, and did not bind him; nor was it competent as corrobo-

rating defendant's witness' statement that plaintiff visited his doctor on that morning and did go to see about settling his case.    The objection of plaintiff to Miss Vigo's testimony should have been sustained.

The only objection that can be urged against the charge given at defendant's request is that it was calculated to mislead the jury.    This is not a ground of reversal.

Reversed and remanded.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.