(82 South. 546)

**BIRMINGHAM & A. RY. CO. v. CAMPBELL.**
(7 Div. 927.)

(Supreme Court of Alabama.    April 17, 1919. Rehearing Denied June 19, 1919.)

1. TRIAL ⟁85—OBJECTIONS TO EVIDENCE— EVIDENCE ADMISSIBLE IN PART.

In action for death, court did not err in overruling objection to question to deceased's wife of whether deceased had had any other attack or trouble than the injury sustained in the accident during interval between accident and death, unless evidence was incompetent both as to whether he had had any other attack and as to whether he had had any other trouble.

2. EVIDENCE ⟁471(13)—SHORTHAND RENDITION OF FACTS—"TROUBLE."

In action for death in accident, testimony of deceased's wife, who had been in constant attendance on husband from time of injury to death, that he had had no other trouble or attack during such time, was not objectionable as expert testimony from nonexpert witness, but was admissible as a shorthand rendition of facts coming under her observation during such time; the word "trouble" in such case not having reference to complications discernible only to physician.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trouble.]

3. EVIDENCE ⟁126(1) — RES GESTÆ—CROSSING ACCIDENT—STATEMENTS OF DECEASED.

In action against railroad for death in crossing accident, conversation between conductor and deceased immediately after and relating to the cause of the accident held not part of res gestæ.

4. EVIDENCE ⟁121(1)—RES GESTÆ—COINCIDENCE OF TIME.

Perfect coincidence of time between the declaration claimed to be part of the res gestæ and the main fact is not required; it being sufficient if they are substantially contemporaneous.

5. EVIDENCE ⟁121(1)—"RES GESTÆ"—DECLARATIONS.

Declarations, to be admissible as part of res gestæ, must be so proximate in point of time as to grow out of, elucidate, and explain the character and quality of the main fact, and must be so closely connected with it that they virtually constitute but one entire transaction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Gestæ.]

6. WITNESSES ⟁380(1), 398(1) — IMPEACHMENT—CONTRADICTORY TESTIMONY.

In action against railroad for death in crossing accident, evidence as to conversation between conductor and deceased immediately after accident would have been admissible to contradict conductor, who denied such conversation, pursuant to a predicate laid for its introduction as such impeaching testimony, but was inadmissible to contradict other witnesses not sought to be impeached.

7. TRIAL ⟁83(2)—EVIDENCE—OBJECTIONS— SUFFICIENCY.

Objection to evidence as incompetent, illegal, and irrelevant held sufficient objection to prevent its introduction.

8. EVIDENCE ⟁317(18)—HEARSAY EVIDENCE —CROSSING ACCIDENT.

In action for death in railroad crossing accident, evidence as to statements by deceased following accident held inadmissible as hearsay evidence.

---

⟁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. RAILROADS ⚎350(7)—CROSSING ACCIDENT —JURY QUESTION—BURNING OF HEADLIGHT.

In action for death in crossing accident, questions of whether headlight was burning and due signals were given *held* for jury, under scintilla of evidence rule.

10. RAILROADS ⚎350(33) — CROSSING ACCIDENT—JURY QUESTION—DISCOVERED PERIL.

In action for death in crossing accident, question of whether engineer could have seen deceased approach train, and whether, with knowledge of deceased's position, he did what a reasonably prudent engineer would have done to warn him of his danger or to avert the injury, *held* for jury.

11. TRIAL ⚎193(3)—INSTRUCTIONS—FORM.

In action for death in railroad crossing accident, requested instructions that "even though" defendant caused injury, and "even though" engineer saw deceased, and "although" engineer knew deceased was to step against train, *held* properly refused.

12. RAILROADS ⚎346(5) — ACCIDENTS—BURDEN OF PROOF—SUBSEQUENT NEGLIGENCE—WILLFUL OR WANTON INJURY.

In action against railroad for death in a crossing accident based on subsequent negligence or willful or wanton injury, the burden of proof is upon plaintiff, notwithstanding homicide statute.

13. RAILROADS ⚎346(3)—NEGLIGENCE—PRESUMPTIONS.

In action for injuries to pedestrian at public crossing, based on simple negligence, with evidence supporting the same, railroad will be presumed to have been negligent.

14. RAILROADS ⚎351(3)—NEGLIGENCE—PRESUMPTION—INSTRUCTION.

In action for death in crossing accident, where one count charges simple negligence, and another count charges willful and wanton injury, court properly refused requested instruction that negligence should not be presumed, since on simple negligence count railroad was presumptively negligent.

15. RAILROADS ⚎351(3) — CROSSING ACCIDENT—INSTRUCTION.

In action for death in crossing accident, instruction that there was no presumption of negligence subsequent to discovery of peril *held* misleading, where there was evidence from which the jury could infer it.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by Mrs. K. A. Campbell against the Birmingham & Atlantic Railroad Company for damages for the death of her intestate in a crossing accident. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Most of the questions decided sufficiently appear from the opinion. The following charges were refused to the defendant:

(15) This action is based solely upon alleged negligence of defendant causing the death of plaintiff's intestate, and even though you are satisfied from the evidence that plaintiff's intestate was injured by the defendant or its employés, but that such injury was not the proximate cause of his death, plaintiff cannot recover in this action.

(20) Even though defendant's engineer saw that Mr. Campbell was going to step into or against a moving train, it was the legal duty of said engineer to give him any warning to prevent him from so stepping into or against said moving train.

(27) Although defendant's engineer may have known or had cause to know that Mr. Campbell was about to step into or against said train, nevertheless it was not the legal duty of the defendant's engineer to do anything to warn Mr. Campbell of his danger.

(37) It is your duty to ascertain from the evidence whether or not defendant was guilty of negligence which resulted in injury to the deceased, and in arriving at your conclusion in this respect you cannot indulge any presumption of negligence on the part of the defendant.

(36) In this case you cannot presume that either the defendant or any of its agents or servants were guilty of negligence subsequent to the discovery of the peril of K. A. Campbell.

Knox, Acker, Dixon & Sterne, of Anniston, and Gardner Greene and W. A. Starnes, both of Pell City, for appellant.

M. M. & Victor Smith, of Pell City, Riddle & Burt, of Talladega, and Harsh, Harsh & Harsh, of Birmingham, for appellee.

THOMAS, J. The suit was for personal injury. Several questions are presented for review as to the introduction of evidence.

It having been proven that Mr. Campbell was in good health to the time of his injury, Mrs. Campbell, who had been in constant attendance on her husband from about the time of his injury to that of his death, over defendant's objection, was permitted to testify that during this time he "didn't have any other trouble." This question to Mrs. Campbell tended to show that no other attack or trouble than the injury in question had intervened before the time of his death, and was objected to as a whole on the ground that it called for an expert's conclusion, and it was not shown that she was such an expert.

[1, 2] There is a difference between the ordinary meaning of the words "attack" and "trouble," and the lower court will not be put in error unless both clauses of the question were incompetent. It was certainly competent to inquire if Mr. Campbell was attacked or stricken by other external force during the time intervening between the collision with defendant's engine and his death. As to the use of the word "trouble" by the interrogator and by the witness in her answer, it was made plain that the word did not apply to complications in the nature of physical or mental disability of scientific or medical discernment which may have con-

tributed to or been the sole cause of his death, and the witness explained on cross-examination that she was not a doctor and could not tell about the different diseases, made plain to the jury she had not testified in reference to any disease from which her husband may have been suffering at the time of his injury, but that while she was nursing him, from the time he was brought home unconscious from the injuries in question to the time of his death, she knew of no other "trouble" to have intervened; that he continued to be confined at his home with his injury, and died from whatever affliction from which he was then suffering. This was a shorthand rendition of her faithful watch at the husband's bedside, and of what she had learned through the observation of her senses, and not an opinion by the witness about matters of which only a scientist, physician, or surgeon may speak with intelligence and assurance. Of the facts coming under her observation, perceptible by her senses, she may and did give a proper shorthand rendition thereof. Wilkinson v. Moseley, 30 Ala. 562, 572 (6); Milton v. Rowland, 11 Ala. 732; Dominick v. Randolph, 124 Ala. 557, 562, 563, 27 South. 481; S. & N. A. R. Co. v. McLendon, 63 Ala. 266, 276; 20 Cent. Dig. Ev. § 2228.

Judge Stone says of shorthand rendition of fact in the McLendon Case, supra:

" 'The true line of distinction is this: An inference, necessarily involving certain facts, may be stated without the facts, the inference being an equivalent of a specification of the facts. * * * In other words, when the opinion is the mere shorthand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based.' Whar. Ev. § 510; Raisler v. Springer, 38 Ala. 703, 82 Am. Dec. 736; Avary v. Searcy, 50 Ala. 54."

See Perrine v. Bitulithic Co., 190 Ala. 96, 66 South. 705; Barker v. Coleman, 35 Ala. 221, 225.

The case of Jones v. State, 155 Ala. 1, 46 South. 579, is not to the contrary. Where a nonexpert was asked if in his opinion the pistol shot had caused decedent's death, it was held only a medical expert could draw such conclusion. The instant question and answer was not within the rule that, where an expert's knowledge is essential to the formation of an intelligent opinion, a nonexpert witness may not be allowed to express an opinion as to the cause of a particular physical condition. Sou. Ry. Co. v. Taylor, 148 Ala. 52, 42 South. 625; A. C. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686; Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 South. 902; C. of G. R. Co. v. Clements, 2 Ala. App. 520, 57 South. 52. Moreover, while objection and exception was duly made and reserved to the question when propounded, there was no motion to exclude the answer until after her cross-examination, when the motion was to exclude "Mrs. Campbell's statement that Mr. Campbell had no other disease or ailment, on the ground that she was without means of knowing this." Such was not the meaning or legal effect of her answer thus sought to be excluded.

Defendant's evidence tended to show the material facts that due signals were given for the crossing, and that the headlight on the engine was burning at the time of the injury, and plaintiff's evidence was to the contrary. The conductor who was in charge of the train at the time of the injury as a witness for defendant, had testified that the headlight was burning when he left Pell City and when the engine stopped at the crossing after the injury. It is observed that this witness, Heacock, did not testify as to the whistle being blown for the crossing and at regular intervals when the train was proceeding thereto. Other witnesses for defendant had testified that the required signals were given of the trains approaching the crossing in question. Without objection, on cross-examination the witness was permitted to testify:

"The injured man did not say, 'Dock, why did you run over me?' or, 'why didn't you have a headlight?' or, 'why didn't you blow the whistle?' or that in substance."

Thereafter he stated of other signal for the crossing:

"I do not know whether the bell rang or not. I would not have paid any attention."

On recross-examination, without objection, the witness was again permitted to testify:

"On this occasion that I have been asked about, when I came back to where Mr. Campbell was lying in his injured condition, Mr. Campbell did not say to me substantially, 'Dock, why did you run into me?' or 'Dock, why did you strike me, and why didn't you have a headlight, and why didn't you blow the whistle?' "

It is observed that no objection is made to the form of the question or its sufficiency as a predicate on which to introduce other evidence for the purpose of impeachment of the matter or conversation denied by Heacock to have taken place between him and plaintiff's intestate a few minutes after the injury. The plaintiff later introduced as a witness W. M. Woods, who, over defendant's objection and exception that the question called for incompetent, illegal, irrelevant, and hearsay testimony, was permitted by the court to testify:

"I heard Mr. Heacock and the injured man talking a few minutes after the accident."

Plaintiff's counsel asked the witness the question:

"Did or did not the injured man say to Mr. Heacock this, or substantially this, 'Dock, why did you hit me?' or, 'Dock, why did you strike

me?' 'Why did you run against me?' 'Why didn't you blow your whistle?' and then Mr. Heacock reply, 'Well, we did blow it at the wye'?"

—to which the witness answered "Yes."

[3-5] The question and answer were not competent as a part of the res gestæ of the injury. Mobile L. & R. Co. v. Portiss, 195 Ala. 320, 70 South. 136. Res gestæ is "commonly said to have reference to such circumstances and declarations as are contemporaneous with the main fact under consideration, and so closely connected with it as to illustrate its character. 1 Greenl. Ev. § 108. What lapse of time is embraced in the word 'contemporaneous' is often a question of difficulty. Perfect coincidence of time between the declaration and the main fact is not, of course, required. It is enough that the two are substantially contemporaneous; they need not be literally so. The declarations must, however, be so proximate in point of time as to grow out of, elucidate, and explain the character and quality of the main fact, and must be so closely connected with it as to virtually constitute but one entire transaction, and to receive support and credit from the principal act sought to be thus elucidated and explained. The evidence offered must not have the earmarks of a device or afterthought, nor be merely narrative of a transaction which is really and substantially past." A. G. S. R. Co. v. Hawk, 72 Ala. 112, 117, 118, 47 Am. Rep. 403; Tanner's Ex'r v. L. & N. R. Co., 60 Ala. 621; M. & C. R. Co. v. Womack, Adm'x, 84 Ala. 149, 4 South. 618; R. & D. R. Co. v. Hammond, 93 Ala. 181, 9 South. 577; L. & N. R. Co. v. Pearson, Adm'r, 97 Ala. 211, 12 South. 176; Bessierre v. Ala. City, G. & A. R. Co., 179 Ala. 317, 330, 332, 60 South. 82; Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 South. 264; So. R. Co. v. Fricks, 196 Ala. 61, 71 South. 701; Smith v. State, 197 Ala. 193, 196, 72 South. 316; Sexton v. State, 13 Ala. App. 84, 86, 69 South. 341; Rowlan v. State, 14 Ala. App. 17, 70 South. 953; 1 Greenl. Ev. § 108; Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 South. 470.

[6, 7] To justify the introduction of this evidence, it must have been in contradiction of the witness Heacock on the material matter of which he had testified, that just before and at the time of injury of plaintiff's intestate the headlight was burning, and it must have been pursuant to the predicate laid for its introduction as such impeaching testimony. The defendant had attempted to prove by the engineer that the contributing cause of intestate's injury was his negligently walking into the train about the tender of the car, notwithstanding the noise of the moving train, and that the headlight was then burning. That part of the answer especially objected to, of blowing the whistle at the "wye," was not a contradiction of the witness; for he had not testified that such signal was given at or for the approach to said point. Other witnesses, who were not sought to be impeached, had testified as to signals. This tendency of evidence was only a contradiction of what other witnesses had testified as to the giving of the signals in question. Heacock had not testified that the signal was given for the crossing where the collision occurred. It follows from this that the question propounded to witness Woods sought to elicit illegal evidence as to signals rather than direct the inquiry to the matter of whether the engine carried the headlight burning on the occasion of the injury. The objection and motion to exclude were properly rested on grounds that the evidence in question sought to be elicited from witness Woods was incompetent, illegal, and irrelevant, and was sufficient objection to prevent the introduction of the illegal evidence given by witness Woods. Carter v. State, 133 Ala. 160, 32 South. 231; Crawford v. State, 112 Ala. 1, 19, 21 South. 214; Kelly v. L. & N. R. R. Co., 148 Ala. 143, 41 South. 870; L. & N. R. R. Co. v. Quinn, C., 146 Ala. 330, 39 South. 756; Steinhardt v. Bell, 80 Ala. 208; Blakey v. Blakey, 33 Ala. 611; Ortez v. Jewett, 23 Ala. 662; Dozier v. Joyce, 8 Port. 303; 2 Wig. Ev. § 1007, p. 1169.

[8] If the evidence in question was offered as "assertions of substantive or independent value as evidence in proof of the facts at issue [whether due signals were in fact given], they would have been obnoxious to the rule against hearsay." 2 Wig. on Ev. § 1018. For this error in admitting the evidence in question against objection of defendant, the judgment will be reversed, and the cause remanded.

[9, 10] Under the scintilla of evidence rule (Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 517, 518, 52 South. 86; Amerson v. Coronoa, C. & I. Co., 194 Ala. 175, 69 South. 601), questions for the jury were whether or not the headlight was burning, whether due signals were given of the approach of the train to the crossing, of the conditions that would enable or prevent defendant's engineer seeing plaintiff's intestate approach the train, heedless of his danger, and, after such knowledge, whether defendant's engineer in a due and orderly way did what a reasonably prudent and careful engineer should and could have done under the circumstances and with proper signals and appliances to warn intestate of his danger or to avert the injury. A consideration of the testimony of defendant's engineer in charge, and that of witness Vernon, warranted the submission of the case to the jury on the questions made by the pleadings and evidence.

[11] If the averred injury was not the proximate cause of intestate's death, recovery may not be had. Defendant's refused charge 15 sought to state this elementary principle in its application to the evidence; yet its refusal may be justified in the use of the words "even though." Miller v. State, 107 Ala. 40, 60, 19 South. 37. For like reason charges 20 and 27 were not erroneously refused. Hammett v. B. R., L. & P. Co., 81 South. 22;[1] B. R., L. & P. Co. v. Saxon, 179 Ala. 161, 59 South. 584; Manistee Mill Co. v. Hobdy, 165 Ala. 417, 51 South. 871, 138 Am. St. Rep. 73. As to charge 15, it was substantially and fairly given in the oral charge.

[12] This court has declared that the homicide statute had not the effect of creating a presumption of subsequent negligence. As to the fact of subsequent negligence or of willful or wanton injury, notwithstanding the statute, the burden of proof is on the plaintiff. Jolley v. Sou. Ry. Co., 197 Ala. 60, 72 South. 382; C. of Ga. Ry. Co. v. Moore, 75 South. 971;[2] A. G. S. Ry. Co. v. Smith, 196 Ala. 77, 80, 71 South. 455; L. & N. R. R. Co. v. Moran, 190 Ala. 108, 66 South. 799; L. & N. R. R. Co. v. Rayburn, 192 Ala. 494, 497, 68 South. 356; L. & N. R. R. Co. v. Jones, 191 Ala. 484, 489, 67 South. 691; Empire Coal Co. v. Martin, 190 Ala. 169, 67 South. 435; Carlisle v. A. G. S. Ry. Co., 166 Ala. 591, 52 South. 341; Birmingham Sou. R. R. Co. v. Harrison, 82 South. 534.[3]

[13, 14] Charge 37 was an erroneous instruction, for, under the simple negligence count and evidence supporting the same, the presumption of negligence did obtain as to an injury inflicted on a pedestrian at or on the public road crossing. Not so as to a willful and wanton injury, to which phase of the case the charge was not limited. Moreover, the charge was confusing; for, if the jury should find under the fourth count that the injury was willfully or wantonly inflicted, it would not then have been the duty of the jury to ascertain whether or not defendant was guilty of negligence which resulted in injury to the deceased.

[15] There was no error in refusing charge 36. While, as a matter of fact, subsequent negligence is not presumed, yet there was evidence in "this case" from which the jury could infer subsequent negligence. The charge was, therefore, calculated to mislead or confuse the jury so as to cause them to disregard such evidence.

The judgment of the circuit court is reserved, and the case remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.