(86 South. 537)

## STANDARD COOPERAGE CO. v. DEAR-MAN. (2 Div. 716.)

(Supreme Court of Alabama. Oct. 21, 1920.)

**1. Master and servant ⚙⟹258(10)—Complaint under statute held to allege defect in ways or plant.**

Counts of a complaint which alleged that an employé was injured in consequence of a defect in the ways, works, machinery, or plant of his employer, in that a plank on which he was compelled to stand to replace a belt on a pulley was too narrow and too insecurely fastened, state a cause of action under the Employers' Liability Act (Code 1907, § 3910, subd. 1), since the plank was a part of the ways of defendant's plant or a part of the plant.

**2. Evidence ⚙⟹473—Witness may give shorthand rendition of facts.**

A witness may testify to a shorthand rendition of facts pertinent to the issue being tried.

**3. Evidence ⚙⟹472(1) — Nonexpert witness may not draw conclusion which is for jury.**

A witness who has not qualified as an expert may not state an opinion which draws for the jury a conclusion as to a material issue which the jury is to determine.

**4. Evidence ⚙⟹472(11)—Question held to call for opinion as to issue for jury.**

In an action for injuries to a servant, a question whether the narrowness of the plank caused plaintiff to slip called for the opinion of the plaintiff, a nonexpert, as to the cause of his injury, which was a material issue for the jury under the pleadings, and was therefore improper.

**5. Evidence ⚙⟹513(1), 528(1) — Expert can testify that place of work was unsafe, but not that defect caused plaintiff's injuries.**

A witness who qualified as an expert could testify that the plank on which an employé was required to stand was too narrow and dangerous for the purpose of its use, but could not testify that the defect caused plaintiff to slip and fall receiving the injuries for which suit was brought.

**6. Evidence ⚙⟹471(19), 473 — Testimony as to unguarded set screw held competent as shorthand statement of fact.**

A question propounded to plaintiff whether the set screw was guarded to keep him from coming in contact with it did not call for a conclusion or opinion of plaintiff, but for the fact of the maintenance of the point in question as related to the set screw, and such testimony was proper as a shorthand rendition of a fact pertinent to the issues.

**7. Trial ⚙⟹55—Evidence that master had not paid servant's doctor bill held incompetent as prejudicing jury.**

In an action for injuries to a servant where there was no testimony that plaintiff had incurred a doctor's bill and therefore no evidence to support a recovery of the doctor's bill as an element of damages, testimony that the employer had not paid the doctor's bill could serve the purpose only of prejudicing the jury, and its admission was erroneous.

**8. Trial ⚙⟹139(1)—Case not withdrawn from jury if any evidence supports plaintiff's cause.**

If there is any evidence which tends to establish the plaintiff's cause of action, the court should not withdraw the case from the jury, since it is not for the trial court to judge of the sufficiency of the evidence or to decide which of its conflicting tendencies should be adopted by the jury.

**9. Master and servant ⚙⟹286(7)—Negligence in providing plank question for jury.**

Where there was evidence on behalf of the plaintiff which tended to sustain his claim that his injury was caused by defects in the plank on which he was compelled to stand, the court properly refused to withdraw the case from the jury, notwithstanding defendant's evidence that the injury was caused by the improper method adopted by plaintiff in attempting to replace a belt on a revolving pulley.

**10. Trial ⚙⟹253(9)—Charge ignoring evidence of contributory negligence held error.**

In an action for injuries to plaintiff where it could be reasonably inferred from defendant's evidence that plaintiff's injury did not result from a defect in the plank but from his own negligence in attempting an improper method of working, a part of the oral charge, stating that if the jury found the plank was defective and that the defect was caused by the employer the plaintiff could recover, was erroneous as ignoring evidence of contributory negligence.

**11. Trial ⚙⟹295(7)—Omission of contributory negligence held cured by subsequent charge.**

Error in part of a charge authorizing recovery by plaintiff which omitted reference to the issue of contributory negligence raised by the evidence was cured by subsequent paragraphs denying recovery if plaintiff's negligence caused or contributed to his injury, since the whole of the charge must be considered together.

**12. Master and servant ⚙⟹293(9)—Charge defective in failing to state standard of care as to maintenance of plank.**

Where the court authorized the jury to find for plaintiff if the plank on which he was ordered to work was too narrow or too loose for the purpose, it should have defined the measure of care defendant owed plaintiff in regard to maintenance of the plank so as to give it a legal standard by which it could determine whether the plank was defective.

**13. Master and servant ⚙⟹296(1)—Trial ⚙⟹ 228(3)—Requested charge held misleading.**

In an action for injuries to a servant, a charge requested by plaintiff which used the word "him" in reference to the corporate defendant, and which did not clearly negative plaintiff's fault as to each of the two concurrent efficient causes of his injury, was misleading.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

---

⚙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Howard Dearman against the Standard Cooperage Company for, damages for injuries received while in defendant's employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

After stating the time and place and that plaintiff was an employee of defendant in a heading mill that defendant was operating, count one alleges that plaintiff was caught in a wheel or belting of the machinery, and, as a proximate consequence thereof, plaintiff suffered the following injuries: (Here follows catalogue of injuries.)

Plaintiff avers that he was so caught in said wheel or belting and he suffered said injuries and damage by reason and as a proximate consequence of a defect in the condition of the ways, works, machinery, or plant used in or connected with the said business of defendant, which said defect arose from, or had not been discovered or remedied owing to, the negligence of defendant or of some person in the service or employment of defendant and intrusted by defendant with the duty of seeing that the said ways, works, machinery, or plant were in proper condition, viz., the plank, timber, or platform on which employees were compelled to stand in order to put on the belt on the elevated pulley or wheel were loose, too narrow, too weak, or otherwise improper or unfit for the purpose for which same was being used by defendant.

Count 5, after stating the time and place, alleges that it was part of plaintiff's duty to keep the belt on a certain wheel or pulley in the plant of the defendant or to replace said belt whenever it should come off; that said wheel or pulley was about 12 feet above the floor of the plant; that defendant, for the purpose of supplying a way by which the plaintiff could reach said pulley or wheel and put said belt on, did, by its agents and employees, to whose orders the plaintiff was bound to conform, and did conform, lay a narrow plank, to wit, a plank only 12 inches wide over the sleepers or joists of a platform about 6 feet from the floor and along which it was the orders of said officers and agents of defendant to plaintiff that he should walk to said pulley or wheel and put on said belt, should it ever come off while plaintiff was engaged in his duty at said mill; that said narrow plank was an unsafe and a most dangerous appliance, and while engaged in an attempt to put on said belt, and while on said narrow plank, and owing to the height of said pulley and the meager foothold furnished by said plank, plaintiff was caught in said wheel or belt of said machinery, and as a proximate consequence thereof suffered the damages and injuries as set out in count 1 of this complaint. And plaintiff avers that the defect in the ways, works, machinery, or plant of the defendant arose from or had not been discovered or remedied owing to the negligence of defendant, or of some person in the service or employment of defendant, and intrusted by the defendant with the duty of seeing that the said ways, works, machinery, or plant were in proper condition.

The demurrers raised the question as to whether or not count 1 states the cause of action under the first subdivision of the Employers' Liability Act (Code 1907, § 3910), in that it does not, as a matter of law, set up facts showing the defect in the platform or timber. The same question is raised as to count 5.

The pleas set up knowledge on plaintiff's part that the plank or scaffold was too narrow and insecurely fastened, and with such knowledge and an appreciation of the danger thereof he went upon said plank or scaffold and assumed the risk; also, that he attempted to replace a belt on a revolving pulley, and in so doing negligently permitted or allowed his hand to be inserted or caught between said belt and said revolving pulley, and, as a proximate consequence thereof, sustained the injuries complained of.

The following is designated charge "A" given for the plaintiff:

"I charge you that if you believe from the evidence that the plank on which the plaintiff was required to stand in order to put the belt on the pulley was too loose, too narrow or otherwise unfit for use, and that this defect was one of two concurrent, efficient causes, other than the plaintiff's fault, which co-operated directly to produce the injury, this, under the authorities, is all that is requisite for fastening liability on him, and you must find for the plaintiff and assess the damages as you think from the evidence he is entitled to."

The other facts sufficiently appear from the opinion of the court.

Stokely, Scrivner & Dominick and James A. Mitchell, all of Birmingham, for appellant.

The court erred in permitting plaintiff to testify that the narrowness of the plank caused his injuries. 12 Ala. App. 314, 68 South. 567; 135 Ala. 504, 33 South. 482; 167 Ala. 368, 52 South. 640; 11 Ala. App. 545, 65 South. 724; 6 Ala. App. 560, 60 South. 456. Plaintiff was guilty of contributory negligence as a matter of law. 189 Ala. 652, 66 South. 632; 191 Ala. 628, 68 South. 136; 175 Ala. 125, 57 South. 691; 133 Ala. 606, 32 South. 232; 154 Ala. 616, 45 South. 646; 185 Ala. 603, 64 South. 361; 191 Ala. 628, 68 South. 136. The court was in error in its oral charge. 94 Ala. 143, 10 South. 87; 86 Ala. 574, 6 South. 90; 91 Ala. 487, 8 South. 552; 64 Fla. 24, 59 South. 564; 166 Ala. 460, 52 South. 75; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 192 Ala. 546, 68 South. 887. Counsel discuss other assignments of error, but without further citation of authority.

Patton & Patton, of Livingston, and M. V. B. Miller, of Meridian, for appellee.

Counts 1 and 5 were not subject to demurrers. 96 Ala. 396, 11 South. 436; 141 Ala. 152, 37 South. 427; 158 Ala. 391, 48 South. 99. The court did not err in the admission of evidence. 100 Ala. 110, 14 South. 862; 183 Ala. 138, 62 South. 679, Ann. Cas. 1915D, 483; 104 Ala. 20, 16 South. 94; 97 Ala. 165, 11 South. 886; 180 Ala. 407, 61 South. 898; 190 Ala. 96. 66 South. 705; 189 Ala. 553, 66 South. 495, especially 179 Ala. 263, 60 South. 111. The charge of the court, when taken as a whole and in connection with the evidence, was not erroneous. 32 Ala. 108; 76 Ala. 222, 52 Am. Rep. 322; 196 Ala. 576, 72 South. 115; 197 Ala. 147, 72 South. 400. Appellee was not guilty of contributory negligence as a matter of law. 76 South. 928; 109 La. 247, 33 South. 218; 178 Ala. 554, 59 South. 498.

THOMAS, J. The action was under subdivision 1 of Code, § 3910, and was submitted to the jury on counts 1 and 5. Count 2 was eliminated by demurrer, and counts 3 and 4 were stricken on plaintiff's motion. Issue was joined on pleas of the general issue and contributory negligence.

[1] Of the eliminated counts nothing is presented for review. There was no error in overruling demurrer to counts 1 and 5, charging a defect in the ways, works, machinery, or plant that caused plaintiff's injury—"a narrow plank" which was "an unsafe and most dangerous appliance," or a plank on which plaintiff was compelled to stand in the discharge of the duty of his employment was "loose, too narrow, too weak, or otherwise improper or unfit for the purpose for which same was being used by defendant." Sloss I. & S. Co. v. Tilson, 141 Ala. 152, 37 South. 427; U. S. Rolling Stock Co. v. Weir, 96 Ala. 396, 11 South. 436; T. C. I. & R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Patterson v. Ala. F. & I. Co., 194 Ala. 278, 282, 69 South. 952; South Brilliant Coal Co. v. McCollum, 200 Ala. 543, 76 South. 901; L. & N. R. R. Co. v. Lowe, 158 Ala. 391, 48 South. 99. The plank in question was a part of the "ways" of defendant's plant (U. S. Rolling Stock Co. v. Weir, supra; L. & N. R. R. Co. v. Pearson, 97 Ala. 211, 12 South. 176), or, a part of said "plant" (Huyck v. McNerney, 163 Ala. 244, 50 South. 926; Grasselli Chem. Co. v. Davis, 166 Ala. 471, 52 South. 35.)

[2, 3] Plaintiff's counsel propounded to plaintiff, as a witness, over defendant's objection and exception, the question: "Did the narrowness of that plank, was that what caused you to slip?" and was answered: "It was." Again: "What happened, if anything, when you slipped?" The reply was: "My arm went over just like that and broke." This was the injury made the basis of the instant suit for damages. It is settled in this jurisdiction that a witness may testify to a fact which is pertinent to the issue being tried, even to a shorthand rendition of facts. B. & A. Ry. v. Campbell, 203 Ala. 296, 82 South. 546, 548; Miller v. Whittington, 202 Ala. 406, 80 South. 499; Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177; B. R. L. & P. Co. v. Glenn, 179 Ala. 263, 269, 60 South. 111; C. of Ga. Ry. Co. v. Stephenson, 189 Ala. 553, 556, 66 South. 495; Perrine v. Sou. Bitulithic Co., 190 Ala. 96, 101, 66 South. 705; Middlebrooks v. Sanders, 180 Ala. 407, 410, 61 South. 898; Birmingham Min. R. R. Co. v. Wilmer, 97 Ala. 165, 169, 11 South. 883; McVay v. State, 100 Ala. 110, 113, 14 South. 862; James v. State, 104 Ala. 20, 28, 16 South. 94; L. & N. R. R. Co. v. Williams, 183 Ala. 138, 62 South. 679; S. & N. A. R. Co. v. McLendon, 63 Ala. 266, 276. Some of the authorities on a shorthand rendition of facts were recently collected in L. & N. R. R. Co. v. Hayward, 201 Ala. 9, 75 South. 22. Was the question and answer merely a shorthand rendition of fact, or an exposition of the opinion of the witness that was a usurpation of the prerogative of the jury? A witness, not being an expert, may not draw the conclusion for the jury. Pope v. State, 174 Ala. 63, 57 South. 245. That is, an otherwise proper question may not be propounded to a nonexpert witness which will elicit an opinion from him in practical affirmation or disaffirmation of a material issue presented by the pleadings in a case. Miller v. Whittington, supra; Harbison-Walker Ref. Co. v. Scott, 185 Ala. 641, 646, 64 South. 547; Connors-Weyman Steel Co. v. Harless, 202 Ala. 317, 80 South. 399, 401; McNamara v. Logan, 100 Ala. 187, 197, 14 South. 175; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 408, 67 South. 604; Stewart v. S. S. S. & I. Co., 170 Ala. 544, 549, 54 South. 48, Ann. Cas. 1912D, 815.

[4, 5] The question was not of the danger of the narrow plank being used and supported as it was by defendant at the place of plaintiff's injuries, but whether the narrowness of that plank was the proximate cause of plaintiff's slip and fall and of his injuries, of which complaint is made. The question and answer were of the issue presented by the pleadings, and the answer was a positive denial of defendant's pleas by one not sufficiently qualified as an expert. It was not within one of the exceptions to the general rule. See B. & A. Ry. Co. v. Campbell, supra; Brandon v. Progress Distilling Co., 167 Ala. 365, 52 South. 640. An expert may have only testified that the plank was too narrow and dangerous for the purposes of its use; not whether the defect specified caused plaintiff to slip and fall, receiving the injuries for which suit is sought to be maintained. L. & N. R. R. Co. v. Landers, 135 Ala. 504, 512, 33 South. 482; McVay v. State, supra; Miller v. Whittington, supra; Greenwood Café v. Lovinggood, 197 Ala. 34, 36, 72 South. 354; E. T. V. & G. R. R. Co. v. Watson, 90 Ala. 41,

44, 7 South. 813; Lusk v. Britton, 198 Ala. 245, 248, 73 South. 492; Travis v. L. & N. R. R. Co., 183 Ala. 415, 428, 62 South. 851; Staples v. Steed, 167 Ala. 241, 52 South. 646, Ann. Cas. 1912A, 480; St. L. & S. F. R. R. Co. v. Brantley, 168 Ala. 579, 591, 53 South. 305.

[6] The question, "State whether or not that set screw was guarded; was there anything around the set screw to keep you from coming in contact with it?" propounded to plaintiff as a witness in his own behalf, did not call for a conclusion or an opinion of the witness, but for the fact of the maintenance of the point in question as related to the set screw, and as a part of defendant's works or plant, where plaintiff was injured. Moreover, the answer was a shorthand rendition of fact that falls within the rule of the foregoing authorities.

[7] Plaintiff as a witness in his own behalf was permitted, over defendant's due objection and exception, to propound the question, "I will ask you to state whether the Standard Cooperage Company has paid your doctor bill?" and to answer: "No, sir; they haven't paid it." It does not appear that plaintiff incurred a doctor's bill, or the amount thereof, unless in the statement that he was treated by Dr. Hale. There was no testimony elicited in an effort to recover as an element of his damages the doctor's bill paid by plaintiff. Testimony of this character could serve the purpose only of prejudicing the jury, and its admission was erroneous.

[8, 9] It is the well-settled rule of this court that, if there be any evidence which tends to establish the plaintiff's cause, the court should not withdraw the case from the jury. It is not for the trial court to judge of the sufficiency of the evidence or to decide which of its conflicting tendencies should be adopted by the jury. B. & A. Ry. Co. v. Campbell, supra; Amerson v. Corona Coal & I. Co., 194 Ala. 175, 69 South. 601; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 517, 52 South. 86; B. R. L. & P. Co. v. Sloan, 199 Ala. 268, 74 South. 359; Peters v. Sou. Ry. Co., 135 Ala. 533, 537, 33 South. 332; Barren v. Fields, 131 Ala. 304, 307, 30 South. 775; White, McLane & Morris v. Farris, 124 Ala. 461, 470, 27 South. 431. The inference from the evidence is such that the jury should say whether or not the condition of the plank as to its width and the manner of support caused plaintiff to slip when the belt went on the pulley, catching his hand and causing his injury; or whether it was contributory negligence of the plaintiff in placing his hand in such wise, or between the two sides of the belt, when it went on, that caught his hand, causing the injury. Such were the conflicting tendencies of the evidence properly submitted to the jury in the refusal of the general charges, requested in writing by the defendant.

[10] Assignments of error challenged the instruction to the jury as a part of the oral charge:

"If there was a defect in the construction of that plank, if that plank was placed there by the employer to put the belt on the pulley and there was a defect in it, and that defect was caused by the master or employer, the Standard Cooperage Company, and the plaintiff was injured by the defect, he would be entitled to recover what damages you see fit to award him. * * * If after considering all the evidence in this case you find that the plaintiff was not negligent, and that the defendant was negligent in the construction of the mill, or this plank—that is the main contention—the plaintiff contends that the defect was in not having the plank wide enough to put on the belt; that the plank was not wide enough, or was too loose. If they show you that was the cause of his injury, of course, gentlemen, the plaintiff is entitled to recover whatever damages you see fit to award him."

[11, 12] It will be noted of the first part of the oral charge to which exception was reserved that it authorized a recovery against defendant if there was a defect in the construction of the plank upon which plaintiff was standing when receiving his injury, irrespective of whether plaintiff was guilty of contributory negligence proximately causing or contributing to his injury. Plaintiff could only contend that the question of his contributory negligence was for the jury, for under defendant's testimony the plaintiff did not slip on the plank in question, nor did it become loose and cause plaintiff to fall. Under this tendency of defendant's evidence, or reasonable inference to be deduced therefrom, that plaintiff did not slip on said plank and fall, causing his injury, but that he was the author of his own misfortune by reason of the manner in which he attempted to restore the belt to the pulley, catching his hand or arm, the issue of his contributory negligence could not be withdrawn from the jury. The part of the oral charge to which objection was reserved had this effect, yet in the succeeding paragraphs the court further instructed the jury that, if plaintiff contributed to his injuries and the jury were reasonably satisfied that his negligence caused or contributed thereto, then he would not be entitled to recover, and that this was for the consideration of the jury after weighing all the evidence. When the whole of the court's charge is considered together, it was not subject to the objection that the question of plaintiff's contributory negligence, as proximately contributing to or causing his injury, was taken from the jury. It may be the charge was not sufficiently comprehensive; that a portion of the charge excepted to was subject to criticism in the use of the expressions "too loose" and "not wide enough," as descriptive of the plank in question, as the court nowhere gave the jury any legal standard by which it could determine

whether the plank was defective as a part of defendant's plant. The court did not decline to tell the jury, the measure of care defendant owed plaintiff in regard to maintenance of the plank as a part of its plant. Woodward Iron Co. v. Wade, 192 Ala. 651, 658, 68 South. 1008; Tobler v. Pioneer M. & M. Co., supra; S. S. S. & I. Co. v. Mobley, 139 Ala. 425, 436, 437, 36 South. 181. This was necessary for the jury to determine whether defendant exercised due care to maintain defendant's place of work in a reasonably safe condition. South Brilliant Coal Co. v. McCollum, supra; Wilson v. Gulf States Steel Co., 194 Ala. 311, 316, 69 South. 121; U. S. Rolling Stock Co. y. Weir, supra.

[13] At the conclusion of the oral charge of the court, the plaintiff requested in writing the charge which we denominate A. Being misleading, a refusal of the charge might have been well justified in the use of the word "him," meaning defendant, and as not clearly negativing plaintiff's fault as to each of the "two concurrent efficient causes."

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.