The action was under subdivision 1 of Code, § 3910, and was submitted to the jury on counts 1 and 5. Count 2 was eliminated by demurrer, and counts 3 and 4 were stricken on plaintiff's motion. Issue was joined on pleas of the general issue and contributory negligence.
Of the eliminated counts nothing is presented for review. There was no error in overruling demurrer to counts 1 and 5, charging a defect in the ways, works, machinery, or plant that caused plaintiff's injury — "a narrow plank" which was "an unsafe and most dangerous appliance," or a plank on which plaintiff was compelled to stand in the discharge of the duty of his employment was "loose, too narrow, too weak, or otherwise improper or unfit for the purpose for which same was being used by defendant." Sloss I. S. Co. v. Tilson, 141 Ala. 152,37 So. 427; U.S. Rolling Stock Co. v. Weir, 96 Ala. 396,11 So. 436; T. C. I. R. Co. v. Moore, 194 Ala. 134,69 So. 540; Patterson v. Ala. F. I. Co., 194 Ala. 278,282, 69 So. 952; South Brilliant Coal Co. v. McCollum,200 Ala. 543, 76 So. 901; L. N. R. R. Co. v. Lowe, 158 Ala. 391,48 So. 99. The plank in question was a part of the "ways" of defendant's plant (U.S. Rolling Stock Co. v. Weir, supra; L. N. R. R. Co. v. Pearson, 97 Ala. 211, 12 So. 176), or a part of said "plant" (Huyck v. McNerney, 163 Ala. 244,50 So. 926; Grasselli Chem. Co. v. Davis, 166 Ala. 471,52 So. 35.)
Plaintiff's counsel propounded to plaintiff, as a witness, over defendant's objection and exception, the question: "Did the narrowness of that plank, was that what caused you to slip?" and was answered: "It was." Again: "What happened, if anything, when you slipped?" The reply was: "My arm went over just like that and broke." This was the injury made the basis of the instant suit for damages. It is settled in this jurisdiction that a witness may testify to a fact which is pertinent to the issue being tried, even to a shorthand rendition of facts. B. A. Ry. v. Campbell, 203 Ala. 296,82 So. 546, 548; Miller v. Whittington, 202 Ala. 406, 80 So. 499; Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177; B. R. L. P. Co. v. Glenn, 179 Ala. 263, 269,60 So. 111; C. of Ga. Ry. Co. v. Stephenson, 189 Ala. 553, 556,66 So. 495; Perrine v. Sou. Bitulithic Co., 190 Ala. 96,101, 66 So. 705; Middlebrooks v. Sanders, 180 Ala. 407, 410,61 So. 898; Birmingham Min. R. R. Co. v. Wilmer, 97 Ala. 165,169, 11 So. 883; McVay v. State, 100 Ala. 110, 113,14 So. 862; James v. State, 104 Ala. 20, 28, 16 So. 94; L. N. R. R. Co. v. Williams, 183 Ala. 138, 62 So. 679; S. 
N. A. R. Co. v. McLendon, 63 Ala. 266, 276. Some of the authorities on a shorthand rendition of facts were recently collected in L. N. R. R. Co. v. Hayward, 201 Ala. 9,75 So. 22. Was the question and answer merely a shorthand rendition of fact, or an exposition of the opinion of the witness that was a usurpation of the prerogative of the jury? A witness, not being an expert, may not draw the conclusion for the jury. Pope v. State, 174 Ala. 63, 57 So. 245. That is, an otherwise proper question may not be propounded to a nonexpert witness which will elicit an opinion from him in practical affirmation or disaffirmation of a material issue presented by the pleadings in a case. Miller v. Whittington, supra; Harbison-Walker Ref. Co. v. Scott, 185 Ala. 641, 646,64 So. 547; Connors-Weyman Steel Co. v. Harless, 202 Ala. 317,80 So. 399, 401; McNamara v. Logan, 100 Ala. 187, 197,14 So. 175; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 408,67 So. 604; Stewart v. S. S. S. I. Co., 170 Ala. 544, 549,54 So. 48, Ann. Cas. 1912D, 815.
The question was not of the danger of the narrow plank being used and supported as it was by defendant at the place of plaintiff's injuries, but whether the narrowness of that plank was the proximate cause of plaintiff's slip and fall and of his injuries, of which complaint is made. The question and answer were of the issue presented by the pleadings, and the answer was a positive denial of defendant's pleas by one not sufficiently qualified as an expert. It was not within one of the exceptions to the general rule. See B. A. Ry. Co. v. Campbell, supra; Brandon v. Progress Distilling Co., 167 Ala. 365,52 So. 640. An expert may have only testified that the plank was too narrow and dangerous for the purposes of its use; not whether the defect specified caused plaintiff to slip and fall, receiving the injuries for which suit is sought to be maintained. L. N. R. R. Co. v. Landers, 135 Ala. 504, 512,33 So. 482; McVay v. State, supra; Miller v. Whittington, supra; Greenwood Café v. Lovinggood, 197 Ala. 34, 36,72 So. 354; E. T. V. G. R. R. Co. v. Watson, 90 Ala. 41, *Page 556 
44, 7 So. 813; Lusk v. Britton, 198 Ala. 245, 248, 73 So. 492; Travis v. L. N. R. R. Co., 183 Ala. 415, 428, 62 So. 851; Staples v. Steed, 167 Ala. 241, 52 So. 646, Ann. Cas. 1912A, 480; St. L. S. F. R. R. Co. v. Brantley, 168 Ala. 579,591, 53 So. 305.
The question, "State whether or not that set screw was guarded; was there anything around the set screw to keep you from coming in contact with it?" propounded to plaintiff as a witness in his own behalf, did not call for a conclusion or an opinion of the witness, but for the fact of the maintenance of the point in question as related to the set screw, and as a part of defendant's works or plant, where plaintiff was injured. Moreover, the answer was a shorthand rendition of fact that falls within the rule of the foregoing authorities.
Plaintiff as a witness in his own behalf was permitted, over defendant's due objection and exception, to propound the question, "I will ask you to state whether the Standard Cooperage Company has paid your doctor bill?" and to answer: "No, sir; they haven't paid it." It does not appear that plaintiff incurred a doctor's bill, or the amount thereof, unless in the statement that he was treated by Dr. Hale. There was no testimony elicited in an effort to recover as an element of his damages the doctor's bill paid by plaintiff. Testimony of this character could serve the purpose only of prejudicing the jury, and its admission was erroneous.
It is the well-settled rule of this court that, if there be any evidence which tends to establish the plaintiff's cause, the court should not withdraw the case from the jury. It is not for the trial court to judge of the sufficiency of the evidence or to decide which of its conflicting tendencies should be adopted by the jury. B. A. Ry. Co. v. Campbell, supra; Amerson v. Corona Coal I. Co., 194 Ala. 175, 69 So. 601; Tobler v. Pioneer M. M. Co., 166 Ala. 482, 517, 52 So. 86; B. R. L. P. Co. v. Sloan, 199 Ala. 268, 74 So. 359; Peters v. Sou. Ry. Co., 135 Ala. 533, 537, 33 So. 332; Barren v. Fields, 131 Ala. 304, 307, 30 So. 775; White, McLane 
Morris v. Farris, 124 Ala. 461, 470, 27 So. 431. The inference from the evidence is such that the jury should say whether or not the condition of the plank as to its width and the manner of support caused plaintiff to slip when the belt went on the pulley, catching his hand and causing his injury; or whether it was contributory negligence of the plaintiff in placing his hand in such wise, or between the two sides of the belt, when it went on, that caught his hand, causing the injury. Such were the conflicting tendencies of the evidence properly submitted to the jury in the refusal of the general charges, requested in writing by the defendant.
Assignments of error challenged the instruction to the jury as a part of the oral charge:
"If there was a defect in the construction of that plank, if that plank was placed there by the employer to put the belt on the pulley and there was a defect in it, and that defect was caused by the master or employer, the Standard Cooperage Company, and the plaintiff was injured by the defect, he would be entitled to recover what damages you see fit to award him. * * * If after considering all the evidence in this case you find that the plaintiff was not negligent, and that the defendant was negligent in the construction of the mill, or this plank — that is the main contention — the plaintiff contends that the defect was in not having the plank wide enough to put on the belt; that the plank was not wide enough, or was too loose. If they show you that was the cause of his injury, of course, gentlemen, the plaintiff is entitled to recover whatever damages you see fit to award him."
It will be noted of the first part of the oral charge to which exception was reserved that it authorized a recovery against defendant if there was a defect in the construction of the plank upon which plaintiff was standing when receiving his injury, irrespective of whether plaintiff was guilty of contributory negligence proximately causing or contributing to his injury. Plaintiff could only contend that the question of his contributory negligence was for the jury, for under defendant's testimony the plaintiff did not slip on the plank in question, nor did it become loose and cause plaintiff to fall. Under this tendency of defendant's evidence, or reasonable inference to be deduced therefrom, that plaintiff did not slip on said plank and fall, causing his injury, but that he was the author of his own misfortune by reason of the manner in which he attempted to restore the belt to the pulley, catching his hand or arm, the issue of his contributory negligence could not be withdrawn from the jury. The part of the oral charge to which objection was reserved had this effect, yet in the succeeding paragraphs the court further instructed the jury that, if plaintiff contributed to his injuries and the jury were reasonably satisfied that his negligence caused or contributed thereto, then he would not be entitled to recover, and that this was for the consideration of the jury after weighing all the evidence. When the whole of the court's charge is considered together, it was not subject to the objection that the question of plaintiff's contributory negligence, as proximately contributing to or causing his injury, was taken from the jury. It may be the charge was not sufficiently comprehensive; that a portion of the charge excepted to was subject to criticism in the use of the expressions "too loose" and "not wide enough," as descriptive of the plank in question, as the court nowhere gave the jury any legal standard by which it could determine *Page 557 
whether the plank was defective as a part of defendant's plant. The court did not define to the jury, the measure of care defendant owed plaintiff in regard to maintenance of the plank as a part of its plant. Woodward Iron Co. v. Wade, 192 Ala. 651,658, 68 So. 1008; Tobler v. Pioneer M. M. Co., supra; S. S. S. I. Co. v. Mobley, 139 Ala. 425, 436, 437, 36 So. 181. This was necessary for the jury to determine whether defendant exercised due care to maintain defendant's place of work in a reasonably safe condition. South Brilliant Coal Co. v. McCollum, supra; Wilson v. Gulf States Steel Co., 194 Ala. 311,316, 69 So. 121; U.S. Rolling Stock Co. v. Weir, supra.
At the conclusion of the oral charge of the court, the plaintiff requested in writing the charge which we denominate A. Being misleading, a refusal of the charge might have been well justified in the use of the word "him," meaning defendant, and as not clearly negativing plaintiff's fault as to each of the "two concurrent efficient causes."
The judgment of the circuit court is reversed, and the cause is remanded.
Reversed and remanded.
ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.